## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **C.M., A.W., and N.M.**

**No. 18-0290** (Mercer County 17-JA-129, 130, and 131)

**FILED**

**October 12, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother C.W., by counsel Gerald R. Linkous, appeals the Circuit Court of Mercer County's March 6, 2018, order terminating her parental, custodial, and guardianship rights to C.M, A.W., and N.M.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Catherine Bond Wallace, filed a response on behalf of the children in support of the circuit court's order and a supplemental appendix. On appeal, petitioner argues that the circuit court erred in terminating her parental rights without the imposition of a less-restrictive dispositional alternative.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2017, the DHHR filed a petition alleging that petitioner operated a vehicle under the influence with the children inside the vehicle. The DHHR alleged petitioner was previously adjudicated as an abusing parent in 2014, after she admitted to a substance abuse problem, although she ultimately regained custody of the children and the petition against her was dismissed. According to the DHHR, the children and maternal grandmother indicated that petitioner was acting erratic and that they believed she was abusing substances again. The DHHR alleged that, when confronted by a case worker, petitioner exhibited erratic behavior and threatened to flee West Virginia with the children. Petitioner later admitted to law enforcement that she took sleeping medication earlier that day. Petitioner waived her preliminary hearing.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

The circuit court held an adjudicatory hearing in September of 2017, and petitioner stipulated to the allegations in the petition. In particular, petitioner admitted that she neglected her children due to her substance abuse. Further, petitioner moved for a post-adjudicatory improvement period and the circuit court granted her motion. The guardian noted, however, that petitioner was not complying with random drug screening at the time of the adjudicatory hearing.

In February of 2018, the circuit court held a dispositional hearing and the DHHR moved to terminate petitioner's parental rights. Petitioner did not appear, but was represented by counsel. A DHHR case worker testified that petitioner relocated to North Carolina during her improvement period. According to the case worker, petitioner did not participate in any services since her move to North Carolina. During a multidisplinary treatment team meeting in which petitioner participated by phone, petitioner indicated that she desired to relinquish her custodial rights to the two oldest children, but wanted custody of the youngest child.

Ultimately, the circuit court found that petitioner continued to suffer from the substance abuse problem that she exhibited in her previous abuse and neglect proceeding. Further, the circuit court found that petitioner moved to North Carolina, away from the children, and that she was unwilling to participate with services to allow for reunification with her children. Finally, the circuit court found that there was no reasonable likelihood that the conditions of abuse or neglect could be substantially corrected in the near future. Accordingly, the circuit court terminated petitioner's parental, custodial, and guardianship rights in its March 6, 2018, order.[2] Petitioner now appeals that order.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

_____

[2]C.M's father's parental rights were also terminated as a result of these proceedings. According to the parties, the children are in separate placements. C.M. is in a relative placement with adoption in that placement as her permanency plan. A.W. and N.M. have achieved permanency in the custody of their respective non-abusing fathers.

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in terminating her parental rights because no evidence was presented that termination of her parental rights was in the best interest of the children. Petitioner also argues that all of the children were placed in relative placements and, therefore, termination of custodial rights only was the least-restrictive disposition. We find petitioner is entitled to no relief.

West Virginia Code § 49-4-604(b)(6) provides that the circuit court may terminate parental, custodial, and guardianship rights when "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and when termination is necessary "for the welfare of the child." Further, West Virginia Code § 49-4-604(c)(3) provides that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected when the parent has "not responded or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child[.]"

The circuit court correctly found that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected because petitioner did not participate in a reasonable family case plan. Soon after petitioner's improvement period began, she moved out of state and did not participate in any further services. In fact, the record is devoid of any evidence that petitioner participated in any services throughout the entire proceedings. In contrast, the record clearly presents the negative effect of petitioner's substance abuse on the children. The petition included allegations by the children that they actively avoided being with petitioner when possible, that the children felt petitioner was erratic and would yell at them for no reason, and that petitioner was found to have been driving while intoxicated with the children in the vehicle. Petitioner's substance abuse presented a clear danger to the children and the circuit court found that she took no steps to remedy that issue.

Moreover, this evidence also supports a finding that termination of parental, custodial, and guardianship rights was necessary for the welfare of the children. Clearly, petitioner presented a danger to the children if in her custody. Additionally, "we find that adoption, with its corresponding rights and duties, is the permanent out-of-home placement option which is most consistent with the child's best interests." *State v. Michael M.*, 202 W.Va. 350, 358, 504 S.E.2d 177, 185 (1998)(internal quotations omitted). The circuit court's termination of petitioner's parental rights to C.M. was necessary to facilitate adoption for that child. We have previously held that West Virginia Code § 49-4-604 "permits the termination of one parent's parental rights while leaving the rights of the nonabusing parent completely intact, if the circumstances so warrant." *In re Emily*, 208 W.Va. 325, 344, 540 S.E.2d 542, 561 (2000). Further, "simply because one parent has been found to be a fit and proper caretaker for [the] child does not automatically entitle the child's other parent to retain his/her parental rights if his/her conduct has endangered the child and such conditions of abuse and/or neglect are not expected to improve." Id. As such, it is clear that termination of petitioner's parental rights to all children was necessary to provide permanency for them and, therefore, necessary for their welfare. We have also held as follows:

"Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). Accordingly, we find no error in the circuit court's order terminating petitioner's parental, custodial, and guardianship rights without the imposition of a lesser-restrictive alternative.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 6, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**: October 12, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II suspended and therefore not participating.

4